STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2017-01

DARRIN E. UPTON,
        Petitioner

**DECISION AND ORDER**

v.

MAINE DEPARTMENT OF
CORRECTIONS,
        Respondent

The matter before the court is an appeal by Darrin E. Upton, an inmate at the Maine State Prison, from a disciplinary proceeding (MSP-2016-1780) that resulted in the imposition of sanctions against him for the offense of "trafficking," a Class A violation. This appeal has been brought in accordance with 5 M.R.S. §11001-11008 (Administrative Procedure Act) and M.R.Civ.P. 80C.

**FACTUAL AND PROCEDURAL BACKGROUND**

In a Disciplinary Report dated October 22, 2016, Officer Gregory Thayer cited the Petitioner for the offense of "trafficking," and alleged as follows:

> On the above date and approx. time I Ofc. Thayer was posted in the Close Unit. While doing a cell search in CA-111 I found a lotion container in Upton, D. #32898 tote with a foreign object in it. At this time Upton had returned from chow and I had him take a seat while checking out this item. As I dumped out the contents into another container a syringe was revealed. It was wrapped in a clear rubber glove and gauze. As I revealed this object I asked Upton what it was and he responded with "It's not mine I don't know." IM had no further answers and was informed he would be receiving a write up for Trafficking.

(Record, hereinafter "R" at 3).

A photograph of the syringe was included as part of the Disciplinary Report. The Petitioner received notice of the violation on November 7, 2016 and indicated that he wished to call a fellow inmate as a witness at his disciplinary hearing. The hearing as held as scheduled on November 10, 2016. The fellow inmate testified that the syringe belonged to him. In the Summary of Hearing, the Hearing Officer expressly stated: "I do not find prisoner ------- 's[1] statement as credible I feel that he is only taking the blame because he has nothing to loose [sic]." (R. at 8). The Hearing Officer found the Petitioner guilty "based on the officer's report and the photo of the evidence. I do believe that this prisoner is guilty of having the Syringe in his tote and he placed it there." (*Id.*).

The Petitioner filed a timely appeal to the Chief Administrative Officer or designee. (R. at 11). The appeal was denied on November 29, 2016, which was received by the Petitioner on December 5, 2016. (R. at 14). The Petitioner's appeal to this court was filed on January 3, 2017.

## DISCUSSION

The Law Court has frequently reaffirmed the principle that judicial review of administrative agency decisions is "deferential and limited." *Passadumkeag Mountain Friends v. Bd. of Envtl. Prot.*, 2014 ME 116, ¶ 12, 102 A.3d 1181 (quoting *Friends of Lincoln Lakes v. Bd. of Envtl. Prot.*, 2010 ME 18, ¶ 12, 989 A.2d 1128). The court is not permitted to overturn an agency's decision "unless it: violates the Constitution or statutes; exceeds the agency's authority; is procedurally unlawful; is arbitrary or capricious; constitutes an abuse of discretion; is affected by bias or error of law; or is unsupported by the evidence in the record." *Kroger v Departmental of Environmental Protection*, 2005 ME. 50, ¶ 7, 870 A.2d 566. The party seeking to vacate a state agency decision has the burden of persuasion on

---

[1] The fellow inmate's identity is confidential and the un-redacted record on appeal has been sealed.

2

appeal. *Anderson v Maine Public Employees Retirement System,* 2009 ME. 134, ¶ 3, 985 A.2d 501. In particular, a party seeking to overturn an agency's decision bears the burden of showing that "no competent evidence" supports it. *Stein v. Me. Crim. Justice Academy,* 2014 ME 82, ¶ 11, 95 A.3d 612.

This court must examine "the entire record to determine whether, on the basis of all the testimony and exhibits before it, the agency could fairly and reasonably find the facts as it did." *Friends of Lincoln Lake v Board of Environmental Protection,* 2001 ME. 18 ¶13, 989 A. 2d 1128. The court may not substitute its judgment for that of the agency's on questions of fact. 5 M.R.S. § 11007(3). Determinations of the believability or credibility of the witnesses and evidence, supported by substantial evidence in the record, should not be disturbed by this court. *Cotton v Maine Employment Security Commission,* 431 A. 2d 637, 640 (Me. 1981). The issue is not whether the court would have reached the same result the agency did, but whether the "record contains competent and substantial evidence that supports the result reached" by the agency. *Seider v. Board of Examiners of Psychologists,* 2000 ME 206, ¶ 8, 762 A.2d 551 *quoting CWCO, Inc. v. Superintendent of Insurance,* 1997 ME 226, ¶ 6, 703 A. 2d 1258, 1261. A finding of guilt must be "based on a determination that it is more probable than not that the prisoner committed the violation." Policy 20.1, Procedure C(13).

The court has examined the entire administrative record and is satisfied that there is ample competent evidence to support the Hearing Officer's finding of guilt. The task of assessing the credibility of the witnesses was exclusively the Hearing Officer's.

## CONCLUSION

The entry is:

The Petition for Judicial Review is DENIED and the decision of the Respondent in MSP-2016-1780 is AFFIRMED.

3

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

DATED: January 8, 2018

William R. Stokes
Justice, Maine Superior Court